UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DISABLED PATRIOTS OF AMERICA,
INC., a Florida Not for Profit Corporation,
and RUDOLPH BETANCOURT,
Individually,

        Plaintiffs,

vs.                                                                    Case No.

PRIME DELRAY HOTEL LLC, a Florida
Limited Liability Company, d/b/a Fairfield
by Marriott Delray Beach I-95,

        Defendant.

_____/

## **COMPLAINT**
### *For Injunctive Relief*

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida Not for Profit Corporation, and RUDOLPH BETANCOURT, Individually, on their behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sue the Defendant, PRIME DELRAY HOTEL LLC, a Florida Limited Liability Company, (herein sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181, *et seq*. ("ADA").

1.     Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a not for profit corporation formed under the laws of the State of Florida.  DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 9691 Collins Road, Fenwick, MI 48834, in the County of Montcalm.

2.      Defendant's property, Fairfield by Marriott Delray Beach I-95, is located at 910 W. Atlantic Ave., Delray Beach, FL 33444, in the County of Palm Beach.

3.      Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 USC § 12181, *et seq.  See also*, 28 USC § 2201 and § 2202.

5.      Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit Florida corporation.  Members of this organization include individuals with disabilities as defined by the ADA, and are representative of disabilities to be protected from discrimination by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

6.      DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

7.      Plaintiff Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Betancourt is a double amputee who uses either prosthetic devises and/or a wheelchair for mobility.  Mr. Betancourt is a member of

the Plaintiff's organization, DISABLED PATRIOTS OF AMERICA, INC., discussed above in paragraph 5.

8.      Rudy Betancourt regularly comes to South Florida from Michigan to see close relatives and friends, including those who are involved in post-service Marine Corp. activities (Mr. Betancourt served 8.5 years in the United States Marine Corp.), and fellow group members of the Plaintiff organization, Disabled Patriots of America, Inc., to advocate for disability rights, and to enjoy the weather, and plethora of cultural events and eating establishments the area offers.  Mr. Betancourt often drives from Michigan, and stays overnight in different cities along the path to his destination, such as Delray Beach, where he stops for overnight stays and to enjoy the beaches.

9.      Mr. Betancourt stayed as a hotel guest at the subject hotel on October 12, 2021, which forms the basis of this lawsuit, and he intends to return to the subject hotel once it is made accessible for his use to avail himself of the goods and services at the property and to confirm the property is brought into compliance with its ADA.

10.     Mr. Betancourt intends to continue to return to the South Florida area on a regular basis, and definitely shall be returning in the near future.  He is presently here in South Florida.

11.     The barriers to access at the subject property have endangered his safety.

12.     Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Fairfield by Marriott Delray Beach I-95, and is located at 910 W. Atlantic Ave., Delray Beach, FL 33444.

13.    DISABLED PATRIOTS OF AMERICA, INC. and Rudolph Betancourt have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 15 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Mr. Betancourt desires to visit the Fairfield by Marriott Delray Beach I-95, not only to avail himself of the goods and services available at the property, but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

14.    The Defendant has discriminated against the individual Plaintiff, and the members of the corporate Plaintiff organization, by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 USC § 12182 et seq.

15.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Fairfield by Marriott Delray Beach I-95 has shown that violations exist. These violations which Rudolph Betancourt personally encountered or observed, and which were confirmed by an ADA expert include, but are not limited to:

**Accessible Route**

A.    The gate from the parking area to the main lobby entrance has a threshold with a vertical change in level that exceeds the maximum requirement of ¼ inch making it difficult for the Plaintiff to traverse, in violation of Section 303.2 in the 2010 ADA Standards, whose resolution is readily achievable.

4

B.      The ramps accessible route to the side entrance has a vertical change in level that exceeds the maximum requirement of ¼ inch making it difficult for the Plaintiff to traverse, in violation of Section 303.2 in the 2010 ADA Standards, whose resolution is readily achievable.

**Parking**

A.      There is no marked access aisle adjacent to the vehicle pull-up space of the passenger loading zone making it difficult for the Plaintiff to safely traverse to the lobby, in violation of Sections 503.3 and 503.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Entrances**

A.      The main lobby entrance and the side entrance do not provide the international symbol of accessibility or directional signage making it difficult for the Plaintiff to identify the accessible entrance, in violation of Sections 216.4.3, 216.6, and 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

**Common-Lobby Area**

A.      The tables do not provide compliant knee and toe clearance as required making it difficult for the Plaintiff to utilize, in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards, whose resolution is readily achievable.

B.      The dining area does not provide at least 5% of compliant seating as required making it difficult for the Plaintiff to utilize in violation of Section 226.1 in the 2010 ADA Standards, whose resolution is readily achievable.

C.      The cups for the waffle mix exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Section 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

**Fitness Center**

A.      The cups and towels exceed the maximum height requirement of 48 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

B.    The trash receptacle is obstructing the clear floor space for an approach to the paper towel dispenser making it difficult for the Plaintiff to utilize, in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

## Pool Area

A.    The tables do not provide compliant knee and toe clearance making it difficult for the Plaintiff to utilize, in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards, whose resolution is readily achievable.

## Accessible Public Men's Restroom

A.    The hand dryer is obstructing the pull door's 18 inches of latch side clearance parallel to the doorway making it difficult for the Plaintiff to utilize, in violation of Section 404.2.4.1 in the 2010 ADA Standards, whose resolution is readily achievable.

B.    The trash receptacle in the toilet compartment is obstructing the clear floor space for an approach to the paper towel dispenser and the soap dispenser making it difficult for the Plaintiff to utilize, in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

C.    The paper towel dispenser in the toilet compartment exceeds the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the Plaintiff to utilize, in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

D.    The Plaintiff had to use caution when using the lavatory due to the drain pipes underneath the lavatory being exposed and not fully insulated as required, in violation of Section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

E.    The mirrors exceed the maximum height requirement of 40 inches above the finish floor to the reflection surface making it difficult for the Plaintiff to utilize, in violation of Section 603.3 in the 2010 ADA Standards, whose resolution is readily achievable.

F.    The toilet compartment door is not self-closing as required making it difficult for the Plaintiff to utilize, in violation of Section 604.8.1.2 in the 2010 ADA Standards, whose resolution is readily achievable.

G.      The toilet compartment door does not provide a u-pull on the inside of the door making it difficult for the Plaintiff to utilize, in violation of Section 604.8.1.2 in the 2010 ADA Standards, whose resolution is readily achievable.

**Accessible Guest Room 428**

A.      The security lock's operable mechanism on the door exceeds the maximum height requirement of 48 inches above the finish for making it difficult for the Plaintiff to utilize, in violation of Sections 308.2, 308.3 and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

B.      The trash receptacle is obstructing the clear floor space for an approach to the lavatory making it difficult for the Plaintiff to utilize, in violation of Sections 305.3, 305.5, 606.2, and 804 in the 2010 ADA Standards, whose resolution is readily achievable.

C.      The toilet's side wall grab bar does not extend the minimum of 54 inches from the rear wall making it difficult for the Plaintiff to utilize, in violation of Section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

D.      The toilet paper dispenser exceeds the required range from the front rim of the toilet of 7 inches minimum and 9 inches maximum making it difficult for the Plaintiff to utilize, in violation of Section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

E.      The towel rack is obstructing the transfer type shower's clearance of 36 inches wide minimum by 48 inches long minimum measured from the control end wall making it difficult for the Plaintiff to utilize, in violation of Section 608.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

F.      The soap dispensers in the transfer type shower exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

G.      The curtains operable mechanisms exceed the maximum height requirement of 48 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

**Lack of Compliant Disabled Rooms Properly Disbursed**

A.     The subject hotel lacks the required number of compliant disabled rooms, and the disabled rooms are not dispersed amongst the various classes of guest rooms, in violation of Section 224.5 of the 2010 ADAAG.

**Maintenance**

A.     The accessible features of the facility are not maintained, creating barriers to access for Rudolph Betancourt, as set forth herein, in violation of 28 CFR 36.211.

16.     All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

17.     The discriminatory violations described in paragraph 15 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, members of the Plaintiff group, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The Plaintiff, members of the Plaintiff group and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

18.     Defendant has discriminated against the Plaintiff by denying them access to full

8

and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181, *et seq.* and 28 CFR 36.302, *et seq.*  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19.    Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

20.    Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC § 12205 and 28 CFR 36.505.

21.    Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,

1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

23.     Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Fairfield by Marriott Delray Beach I-95 to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

A.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

B.     Injunctive relief against the Defendant, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied

services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C.      An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

D.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

E.      The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

Respectfully submitted,

/s/John P. Fuller
John P. Fuller, Esq., FL Bar No. 0276847
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
jpf@fullerfuller.com

Brandon A. Rotbart, Esq., Of Counsel
FL Bar No. 124777
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 – Facsimile
Rotbart@rotbartlaw.com

*Counsel for Plaintiffs*
*Disabled Patriots of America, Inc.*
*and Rudolph Betancourt*